IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:10-CR-38-O(5) |
| | § | |
| PATRICK WEATHERALL, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Patrick Weatherall's *Motion and Questionnaire for Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018*, received on June 20, 2019. ECF No. 307. Having considered the motion, the facts of the case, and the applicable law, the Court finds that the motion should be and is hereby **DENIED**.

**I.    BACKGROUND**

On June 30, 2010, pursuant to a plea agreement, Defendant pled guilty to one count of conspiracy to distribute a controlled substance, namely, five grams or more of a mixture or substance containing cocaine base ("crack"), in violation of 21 U.S.C. § 846. *See* ECF Nos. 1, 69, 70, 80. Under the presentence investigation report ("PSR") and addenda prepared by the United States Probation Office ("USPO"), the sentencing guidelines range applicable to Defendant was 188-235 months' imprisonment. *See* ECF Nos. 106-1, 136-1, 156-1. The Court varied upward from the sentencing guidelines and sentenced Defendant to 300 months' imprisonment, to be followed by a four-year term of supervised release. *See* ECF Nos. 168, 169. His appeal was dismissed by the United States Court of Appeals for the Fifth Circuit on April 26, 2012. *See* ECF No. 220.

Defendant filed the pending motion seeking a reduction of his sentence under § 404 of the First Step Act of 2018 ("First Step Act"). *See* ECF No. 307. The USPO submitted a First Step

Act Worksheet ("FSA Worksheet") determining that Defendant was eligible for a sentence reduction under § 404. *See* ECF No. 308 at 3. The FSA Worksheet further indicated that Defendant's sentencing guideline range of 188-235 months remained unchanged and that, if tried today, Defendant would not have a career offender designation because one of the predicate offenses for his career offender status no longer qualifies for the designation. *See id.* at 4.

The government filed a response opposing a sentence reduction on December 8, 2020. *See* ECF No. 315. Defendant filed a reply on December 18, 2020. *See* ECF No. 316.

## II.  ANALYSIS

The Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (2010), effective on August 3, 2010, amended the Controlled Substances Act by increasing "the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum," and eliminating the mandatory minimum sentence for simple possession of crack. *Dorsey v. United States*, 567 U.S. 260, 269 (2012); *see also* 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii); 21 U.S.C. § 844(a). These amendments were not retroactive until the enactment of the First Step Act, which introduced several criminal justice reforms, among which was granting sentencing courts the discretion to retroactively reduce sentences for crack-based offenses amended by the Fair Sentencing Act. *See United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019) (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018)).

Section 404 of the First Step Act provides:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010;

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act, Pub. L. No. 115-391, § 404 (citations omitted); *Hegwood*, 934 F.3d at 416-17.

Here, Defendant was indicted and sentenced under § 846 for conspiracy to distribute five grams or more of a substance or mixture containing crack after the Fair Sentencing Act was enacted. ECF Nos. 1, 168. The penalties under § 846 are the same as the penalties for the committed offense, in this case, distribution of five grams or more of a substance or mixture containing crack. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Section 2 of the Fair Sentencing Act amended Defendant's applicable penalty statute by increasing the drug quantity from 5 grams of crack to 28 grams, resulting in a reduction to the statutory penalties for this drug quantity range.[1] *See* 21 U.S.C. § 841(b)(1)(B)(iii). Because Defendant's offense concluded in 2007, and the applicable statutory penalties for the offense were modified by the Fair Sentencing Act, he committed a "covered offense" under § 404(a) of the First Step Act. *See United States v. Whitehead*, No. 19-11275, --- F.3d ----, 2021 WL 211137, at *1 (5th Cir. Jan. 21, 2021); *United States v. Ramirez*, No. 19-40452, --- F. App'x ----, 2020 WL 6682555, at *2 ("Whether a defendant has a 'covered offense' under section 404(a) depends on the statute under which he was convicted, rather than

---

[1] The Court assumes for purposes of this motion that Defendant's new statutory penalty range would be 0 to 20 years based on the drug quantity stated in the indictment. *See* 21 U.S.C. § 841(b)(1)(C); *see also* ECF No. 315 at 6.

facts specific to the defendant's violation.") (citing *United States v. Jackson*, 945 F.3d 315, 319-20 (5th Cir. 2019)).

However, "[e]ligibility for resentencing under the First Step Act does not equate to entitlement." *United States v. Batiste*, 980 F.3d 466, 471 (5th Cir. 2020); *see also Whitehead*, 2021 WL 211137, at *2; First Step Act, Pub. L. No. 115-391, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Defendant was a leader of a criminal drug enterprise that controlled his neighborhood. He controlled who could sell drugs in the neighborhood and where they could be sold. He maintained multiple "trap" houses, some of which were located in close proximity to schools, and groomed young individuals for his drug enterprise. He also has an extensive criminal history, which includes the violent assault of the mother of one of his children. Having considered the factors of 18 U.S.C. § 3553(a), including the nature of the offense conduct, the history and characteristics of Defendant, and the need for adequate deterrence of criminal conduct, the Court declines to exercise its discretion to reduce Defendant's sentence in this case under § 404 of the First Step Act.

### III. CONCLUSION

Defendant's *Motion and Questionnaire for Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018*, received on June 20, 2019, is **DENIED**.

**SO ORDERED** this 2nd day of February, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**